UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ETTORE MAZZEI,<br><br>                    Plaintiff,<br><br>         -against-<br><br>ARTHUR TRUSCELLI, et al.,<br><br>                    Defendants. | 24-CV-8091 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is detained on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants falsely arrested him in Staten Island, Richmond County, New York. Named as Defendants are (1) five identified police officers with the new York City Police Department ("NYPD"), that is, Officer Arthur Truscelli, Detective Wilkinson, Officer Thomas Caruso, Officer Acierno, and Detective Brendan O'Brien; (2) three unidentified officers; (3) the NYPD; and (4) the New York City Corporation Counsel. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.[1]

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] The Court granted Plaintiff's request to proceed *in forma pauperis* on October 30, 2024. By signing a prisoner authorization, Plaintiff authorized that his payments be made "to any other district court to which my case may be transferred." (ECF 5, at 3.)

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Venue under Section 1391(b)(1) may be proper in both this district and the Eastern District of New York. Although Plaintiff names as a defendant the NYPD, a New York City agency that cannot be sued, *see* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."), to the extent the complaint is construed as brought against the City of New York, it is clear that the City resides in both this district and the Eastern District of New York, *see* 28 U.S.C. § 112(b), (c).[2] Plaintiff does not indicate, however, where the individual defendants reside. Thus, it is unclear whether either court is a proper venue for this action under Section 1391(b)(1).

Plaintiff does allege, however, that the events that are the bases for his claims occurred on Staten Island, Richmond County, which falls within the Eastern District of New York, *see* § 112(c). Thus, under Section 1391(b)(2), the United States District Court for the Eastern District of New York is a proper venue for this action.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: New York (New York City Borough of Manhattan), Bronx (New York City Borough of the Bronx), Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. *See* § 112(b). The Eastern District of New York is comprised of the following New York State counties: Kings (New York City Borough of Brooklyn), Queens (New York City Borough of Queens), Richmond (New York City Borough of Staten Island), Nassau, and Suffolk. *See* § 112(c).

convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

      Under Section 1404(a), transfer appears to be appropriate for this action. The underlying alleged events occurred in Richmond County, within the Eastern District of New York, and it is reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 13, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge